990 So.2d 564 (2008)
Jorge Alberto CASTILLO, Appellant,
v.
The STATE of Florida, Appellee.
No. 3D08-154.
District Court of Appeal of Florida, Third District.
June 25, 2008.
Rehearing Denied September 23, 2008.
Eduardo Soto, Coral Gables, Andrea Morey, Kate Walling, and Karla Lammers, for appellant.
Bill McCollum, Attorney General, and Angel L. Fleming, Assistant Attorney General, for appellee.
Before COPE and SUAREZ, JJ., and SCHWARTZ, Senior Judge.
SUAREZ, J.
Jorge Alberto Castillo seeks to reverse the trial court's order denying his motion to vacate his plea pursuant to Florida Rule of Criminal Procedure 3.850. We reverse and remand.
Castillo is a Peruvian citizen. In 1995, he pleaded guilty to a forgery charge and adjudication was withheld.[1] Castillo asserts that his application for permanent residency has since been denied and that he is subject to deportation. Castillo's Rule 3.850 petition to vacate his plea and conviction is timely under Green,[2] as the record shows that Castillo has not previously been served with an Immigration and Naturalization Service (INS) Notice to Appear. In his petition, Castillo claims that he was not given the required deportation warnings in the 1995 plea colloquy, and that the withhold of adjudication should be vacated so that he may seek an INS waiver of the convictions remaining on his criminal record. The trial court summarily denied the petition.
On appeal from a summary denial, this Court must reverse unless the post-conviction record shows conclusively that the appellant is entitled to no relief. See Fla. *565 R.App. P. 9.141(b)(2)(A), (D); Green, 944 So.2d at 219 (Fla.2006) (holding that the trial court may summarily deny the post-conviction petition only if it attaches record that conclusively refutes one or more of the petitioner's claims; otherwise, the defendant must receive an evidentiary hearing). Because the record now before us fails to make the required showing, we reverse the order and remand for an evidentiary hearing or other appropriate relief. If the trial court again enters an order summarily denying the post-conviction motion, the court shall attach record excerpts conclusively showing that the appellant is not entitled to any relief.
Reversed and remanded.
NOTES
[1] Castillo has another conviction for purchasing cannabis. His sworn motion (filed by counsel) alleges that this was a minor offense and is eligible for a waiver of deportation under the federal Immigration and Nationality Act. The State's response, filed in the trial court, alleged that the conviction was a felony, but the State failed to file the judgment and failed to address the claim that Castillo is eligible for a waiver.
[2] State v. Green, 944 So.2d 208 (Fla.2006).