COPE, J.
Jorge Alberto Castillo appeals an order denying his motion for postconviction relief under Florida Rule of Criminal Procedure 3.850. We reverse and remand for an evi-dentiary hearing.
Defendant-appellant Castillo filed his Rule 3.850 motion, whereby he sought relief from a 1995 plea on account of the deportation consequences of the plea. He alleged that he was entitled to relief under State v. Green, 944 So.2d 208 (Fla.2006). The trial court denied the Rule 3.850 motion and this court reversed on appeal, as the postconviction record did not conclusively refute the defendant’s claim. Castillo v. State, 990 So.2d 564 (Fla. 3d DCA 2008). We remanded “for an evidentiary hearing or other appropriate relief. If the trial court again enters an order summarily denying the post-conviction motion, the court shall attach record excerpts conclusively showing that the appellant is not entitled to any relief.” Id. at 565.
When the matter returned to the trial court, the court again summarily denied the Rule 3.850 motion, but did not attach any record excerpts conclusively refuting the claim. We reverse the order now before us, and remand for an eviden-tiary hearing. See Tatum v. State, 994 So.2d 1231 (Fla. 3d DCA 2008).
The State’s response filed in this court argues that the defendant has an additional conviction for purchase or possession of cannabis and that this offense independently makes the defendant subject to deportation. The defendant’s brief argues that the defendant’s Florida conviction does not render the defendant subject to deportation under federal law. The trial court did not attach the Florida conviction and sentence to the summary denial order. The question whether that conviction does, or does not, independently subject the defendant to deportation should be addressed at the evidentiary hearing on remand.
The State attempts to rely on a computer printout which was attached to the defendant’s motion, which shows two other offenses. In one 1996 case the State took no action, and in the other 1996 case, the printout indicates that there was a violation of a municipal ordinance. If the State believes that the latter 1996 conviction renders the defendant independently subject to deportation, the State may introduce the judgment and sentence at the evidentiary hearing.
Reversed and remanded with directions to conduct an evidentiary hearing.